IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ALBERT SINES,

    Plaintiff,

    v.

JOHN HUMMEL, JASON KROPF,
DARRYL NAKAHIRA, MIKE QUICK,
ELLEN F. ROSENBLUM, and the Office
of the Oregon Attorney General and other
Government agents and officers of the court,

    Defendants.

Case. No. 6:20-cv-00432-MC

OPINION AND ORDER

MCSHANE, Judge:

*Pro se* plaintiff John Albert Sines alleges various violations of his constitutional rights stemming from his 2006 prosecution in Deschutes County. *See generally* Compl., ECF No. 1. Defendant moves for summary judgment and asks the Court to dismiss this case with prejudice. Because the *Rooker-Feldman* doctrine bars Plaintiff's claims and Defendants are also protected by both sovereign and prosecutorial immunity, Defendants' Motion for Summary Judgment (ECF No. 9) is GRANTED.

**STANDARD OF REVIEW**

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

1 – OPINION & ORDER

Case 6:20-cv-00432-MC    Document 33    Filed 09/23/20    Page 2 of 5

242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

### I. *Rooker-Feldman* Doctrine

Plaintiff's complaint is an end run around state court proceedings and as such, his claims are barred by the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

Plaintiff was indicted on counts of sexual abuse, sodomy, and rape of his adopted children in 2006. Spooner Decl. at Ex.'s 1–2, ECF No. 10. Plaintiff was convicted in 2009 and appealed his conviction in 2010. Spooner Decl. at Ex. 1. A final disposition on Plaintiff's appeal was filed on April 30, 2018, with a new trial set to begin on November 17, 2020. Spooner Decl. at Ex. 1; *see also State v. Sines*, 263 Or. App. 343 (2014); *State v. Sines*, 359 Or. 41 (2016); *State v. Sines*, 287 Or. App. 850 (2017).

2 – OPINION & ORDER

Plaintiff's claims stem from his belief that prosecutors violated laws while prosecuting him in state court. *See generally* Compl., ECF No. 1. Plaintiff also requests "[i]njunctive relief and an order of dismissal with prejudice of the bad faith state prosecution of [Plaintiff]." Compl. at p.146. Because Plaintiff's complaint is an attempt to collaterally attack prior state court decisions, the Court is precluded from hearing Plaintiff's claims. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

## II. Sovereign Immunity

Defendant Office of the Oregon Attorney General is immune from Plaintiff's suit under the Eleventh Amendment. The Eleventh Amendment provides the states with "sovereign immunity" allowing a state immunity from suit, whether by its own citizens or those of another state, without its consent. U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). Absent a waiver, or congressional abrogation, the courts cannot entertain an individual's suit against a state. *Id*. at 1638. Relatedly, Section 1983 does not allow for suits against state agencies. *See Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citations omitted).

Because the Office of the Oregon Attorney General did not waive its sovereign immunity, they are immune from this suit and dismissed with prejudice. State Def.'s Mot. for Summ. J. 8–9, ECF No. 9.

## III. Prosecutorial Immunity

Defendants Hummel, Kropf, Nakahira, and Rosenblum are entitled to prosecutorial immunity. "Absolute immunity is generally accorded to judges and prosecutors functioning in

3 – OPINION & ORDER

their official capacity." *Olsen v. Idaho State Bd. of Med.*, 863 F.3d 916, 922 (9th Cir. 2004). Prosecutors are entitled to absolute immunity for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 429–30 (1976). The Court employs a "functional approach" when determining what actions qualify, which requires analysis of "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

Here, Plaintiff alleges that the prosecutors:

> failed to disclose investigatory statements made by the children, witness bribery, witness tampering, attempt to set excessive bail, refusal to act to report prosecutorial misconduct as required by rule 8.3, refusal to disclose impeachable and exculpatory evidence in the grand jury notes, refusal to disclose impeachable and exculpatory evidence of significant and material prosecutorial misconduct, refusal to disclose impeachable and exculpatory Brady evidence, and other probable criminal acts.

Compl. ¶ 10. Plaintiff also argues that the prosecutors used "the fruits of an illegal search" in his prosecution when they introduced evidence related to the children's underwear, a subject of Plaintiff's appeals in state court. Compl. at p.8. The Court agrees with Defendants that "[t]hese alleged actions or inactions fall under prosecutorial immunity as they involve the evaluation of evidence and the presentation of the state's case." State Def.'s Mot. for Summ. J. 10. As a result, Defendants Hummel, Kropf, Nakahira, and Rosenblum are dismissed with prejudice from this suit because of prosecutorial immunity.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 9) is GRANTED and the case is DISMISSED with prejudice. All other pending motions are DENIED as moot.

///

IT IS SO ORDERED

    DATED this 23rd day of September, 2020.

                                            /s/ Michael McShane  
                                              Michael McShane  
                                       United States District Judge